UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYMYX TECHNOLOGIES, INC.,

                                                    CASE NO. 07-CV-11158-DT
             Plaintiff,          JUDGE JOHN CORBETT O'MEARA
                                                    MAGISTRATE JUDGE PAUL J. KOMIVES

v.

AZENTEK, L.L.C.,
JGC HOLDINGS, INC.,
JOHNNY G. COOPER and
STARGATE MOBILE, L.L.C.,

             Defendants,
_____/

**OPINION AND ORDER GRANTING IN PART, DENYING IN PART AND HOLDING
IN ABEYANCE IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY, TO
MODIFY SCHEDULING ORDER, AND FOR COSTS AND ATTORNEYS' FEES
(Doc. Ent. 18)**

**A.    Background**

Symyx developed a "discrete oil condition sensor ('OCS')." *Symyx Technologies, Inc. v. Stargate Mobile, L.L.C.*, Case No. 06-CV-12632-JCO-PJK (Doc. Ent. 1 at 2 ¶ 7). Stargate provided technology to the automotive industry. *Id*. at 7. A contract between plaintiff and Stargate was executed in late January 2006. *Symyx Technologies, Inc. v. Stargate Mobile, L.L.C.*, Case No. 06-CV-12632-JCO-PJK (Doc. Ent. 1 at 7-22).

On June 14, 2006, plaintiff filed a complaint against Stargate Mobile, L.L.C. *Symyx Technologies, Inc. v. Stargate Mobile, L.L.C.*, Case No. 06-CV-12632-JCO-PJK. According to plaintiff, Azentek was formed one month later - on or about July 13, 2006. Doc. Ent. 1 at 4 ¶ 23. Azentek's business is telematics. Hrg. Trans. Oct. 9, 2007.

On October 13, 2006, Judge O'Meara entered a judgment granting Stargate's motion to

dismiss and compel arbitration and dismissing the case. Arbitration was conducted on January 23, 2007, and on February 21, 2007 arbitrator E. Leo Milonas signed a decision and order setting forth plaintiff's damages as $1,025,000; legal fees of $60,275.00 and costs and disbursements of $22,278.50 (for a total of $1,107,553.50), as well as arbitrator's fees and expenses of $12,898.99.

Plaintiff filed the instant case on March 16, 2007 seeking (I) confirmation of arbitration award against Stargate; (II) successor liability as to Azentek; (III) alter ego as to JGC Holdings; (IV) piercing the corporate veil as to Johnny G. Cooper and (V) fraudulent transfer as to all defendants. Doc. Ent. 1. On June 8, 2007, Judge O'Meara entered a consent judgment against defendant Stargate in the amount of $1,107,553.50. The consent judgment specifically states that it "is not a final judgment pursuant to Fed. R. Civ. P. 54(b), and does not dispose of the last pending claim." Doc. Ent. 15 at 1.

**B.     The Instant Motion**

On June 6, 2007, two days before the consent judgment against defendant Stargate was entered, plaintiff served defendants with a first request for production of documents. In total, there are forty-two (42) numbered requests. Doc. Ent. 18-3 at 6-23. On July 6, 2007, defendants filed responses to plaintiff's first request for production of documents. Doc. Ent. 18-5 at 1-24.

Currently before the Court is plaintiff's September 13, 2007, motion to compel discovery, to modify scheduling order, and for costs and attorneys' fees. Doc. Ent. 18. In part, the motion requests that defendants be compelled to produce the documents requested in plaintiff's June 6, 2007 First Request for Production of Documents, that Cooper be compelled to appear for deposition and that plaintiff be awarded costs and fees regarding the instant motion. Doc. Ent. 18 at 4, 6.

Judge O'Meara has referred this motion to me for hearing and determination. Doc. Ent. 19. On October 5, 2007, defendants filed a response to the instant motion. Doc. Ent. 21. A hearing on this motion was scheduled for October 9, 2007. Doc. Ent. 20. On the date set for hearing, attorneys S. Thomas Wienner and Mary A. Mahoney appeared for oral argument.

**C.     Applicable Law**

**1.      Fed. R. Civ. P. 26**

Fed. R. Civ. P. 26(b), which governs the scope and limits of discovery, provides in part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1). Rule 26(b) further provides in part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C).

**D.     Analysis**

Of the four issues posed by plaintiff's motion, only two remain at issue, because defendants have no objection to "extension of the scheduling order dates by sixty (60) days," or

"producing Johnny Cooper for deposition at a reasonable time and place for purposes of deposition." Doc. Ent. 21 at 6. Furthermore, defendants express a willingness to "provid[e] the non-objectionable discovery pursuant to a proper protective order[.]" Doc. Ent. 21 at 2. To this end, I have entered an order setting forth the schedule for submission of a proposed protective order and for such production. Doc. Ent. 22.

Therefore, following the motion hearing and the entry of my October 9, 2007 orders related to the instant motion (Doc. Entries 22 and 23), the continuing issues concern defendants' responses to the "objectionable" discovery requests and plaintiff's request for costs and attorney fees related to the instant motion.

**1.      Evidence of a fraudulent transaction, continuation or reincarnation, or the instrumentality of a corporate entity may be relevant to a claim of successor liability and/or an attempt to pierce the corporate veil.**

**a.**      As an initial matter, it is helpful to consider the potential bases of a claim of successor liability. "The traditional rule of successor liability examines the nature of the transaction between predecessor and successor corporations. If the acquisition is accomplished by merger, with shares of stock serving as consideration, the successor generally assumes all its predecessor's liabilities. However, where the purchase is accomplished by an exchange of cash for assets, the successor is not liable for its predecessor's liabilities unless one of five narrow exceptions applies." *Foster v. Cone-Blanchard Mach. Co.*, 460 Mich. 696, 702, 597 N.W.2d 506, 509 (1999). The exceptions are:

> (1) where there is an express or implied assumption of liability; (2) where the transaction amounts to a consolidation or merger; (3) *where the transaction was fraudulent*; (4) where some of the elements of a purchase in good faith were lacking, or where the transfer was without consideration and the creditors of the transferor were not provided for; or (5) *where the transferee corporation was a mere continuation or reincarnation of the old corporation*.

*Foster*, 460 Mich. at 702, 597 N.W.2d at 509-510 (citations and quotations omitted) (emphasis

added). Having considered Counts II (successor liability as to Azentek) and IV (fraudulent transfer as to all defendants) in plaintiff's complaint, it appears that the third and fifth exceptions are at issue in this lawsuit and that evidence of such would be discoverable as relevant under Fed. R. Civ. P. 26(b)(1).

**b.**  It is also helpful to consider the standard for piercing the corporate veil. "'First, the corporate entity must be a mere instrumentality of another entity or individual. Second, the corporate entity must be used to commit a fraud or wrong. Third, there must have been an unjust loss or injury to the plaintiff.'" *Foodland Distributors v. Al-Naimi*, 220 Mich. App. 453, 457, 559 N.W.2d 379, 381 (1996) (citing *SCD Chemical Distributors, Inc. v. Medley*, 203 Mich.App. 374, 381, 512 N.W.2d 86 (1994) (citation omitted)). In light of Count IV (piercing the corporate veil as to Johnny G. Cooper), documents related to the *Foodland Distributors* factors are relevant under Fed. R. Civ. P. 26(b)(1).

**c.**  Plaintiff's motion defends the propriety of asking for information from each of the four defendants, either because the June 8, 2007 consent judgment confirms the arbitration award against Stargate or because, as noted with respect to the non-Stargate defendants against whom judgments have not yet been entered, "the documents are relevant to Symyx's claims that Azentek is Stargate's successor, that JGC is the later ego of Stargate and Azentek, that Cooper should be held individually liable, and that Stargate's assets were fraudulently transferred." Doc. Ent. 18 at 7-8. According to plaintiff, "[t]hese claims require a detailed examination of each defendant's business and the financial transactions among them." Doc. Ent. 18 at 8.

Defendants respond that "[t]he instant Complaint as to the three additional parties is based only on supposition, speculation, and innuendo." They contend that "these business and financial transactions are irrelevant and discovery of them is improper at this juncture." Also,

defendants respond, "[p]laintiff has taken this action without making *any attempts whatsoever* to collect its judgment against Startgate itself." Additionally, they respond, "[p]laintiff has no basis whatsoever for alleging that these corporations are in any way related, other than that one individual has ownership interests in them. This is not a proper basis for alleging successor liability or alter ego liability under Michigan law." Doc. Ent. 21 at 5.

**d.** At the hearing on this matter, plaintiff argued there was no requirement that it collect from Stargate first. According to plaintiff's counsel, plaintiff undertook investigation of Stargate and has a basis to believe the merit of its claims asserted in its complaint.

**2. Defendants' objections to plaintiff's first requests for production of documents are granted in part and denied in part.**

**a.** In general, **as to Request Nos. 1, 8-15, 17-19 and 42**, defendants stated they would search for and provide responsive documents. For the most part, the Court assumes that these requests are of the kind defendants consider "non-objectionable".[1]

Request Nos. 8, 9, 11, 12, 13, 14 state that such production will be made subject to entry of an appropriate protective order. Were there no further objections to Request Nos. 1, 8-15, 17-19 and 42, the Court would assume any concerns would be addressed in the forthcoming protective order.

However, the responses to Request Nos. 8 and 9 state that "one or more of the Defendants" will respond. Additionally, during the prehearing discussion with my law clerk, defense counsel registered an objection with regarding to answering Request Nos. 11-15 as to

---

[1]This conclusion is supported by a discussion with my law clerk, during which defense counsel stated there was no problem with Request No. 19 (concerning acquisitions, transfers, assignments, and/or conveyances of assets).

6

the non-Stargate defendants. These objections relate to the foregoing discussion about whether plaintiff is entitled to discovery regarding the non-Stargate defendants.

Request Nos. 8 and 9 seek information concerning identity of customers, sales records and annual reports. Request Nos. 11-15 seek financial status documentation; income tax returns; financial statements; projections, forecasts and operating and/or capital budgets; and loan and/or request for credit documentation.

Upon consideration, defendants' relevance objections to production of documents related to the non-Stargate defendants is overruled to the extent the objections are based upon relevance. Having considered the foregoing case law on the elements and/or standards of successor liability, piercing the corporate veil and the relationship of these claims to one of fraudulent transfer, I conclude that plaintiff is entitled to discovery with regard to the non-Stargate defendants.[2] Although the objections to Request Nos. 8-9 and 11-15 raise multiple objections, I conclude that defendants are required to provide the information sought by these requests from each defendant. Not only do their answers express a willingness to do so, but also I consider them to seek information relevant for purposes of Fed. R. Civ. P. 26(b)(1) to the claims in the instant case.

Nonetheless, the Court acknowledges defendants' allegation with respect to Request No. 9 that "[t]he term 'annual reports' is not sufficiently defined[,]" as well as defendants' allegations with respect to Request Nos. 8-9 and 11-15 that they are "not limited in time[,]" Doc. Ent. 18-5, and encourages the parties to resolve these issue.

**b.     As to Request Nos. 2-7 and 16**, defendants stated that there were no responsive

---

[2]Additionally, the Court notes that the July 6, 2007 responses were submitted on behalf of all four defendants. Doc. Ent. 18-5.

7

documents.[3] Therefore, the Court will not order further production with respect to these requests.

**c.     As to Request Nos. 20-41**, defendants replied:

> Defendants object to this request for the reason that it is overly broad, unduly burdensome, and is not limited in time to any period relevant to the allegations contained in the complaint. Defendants further object because the information sought is not reasonably calculated to lead to relevant admissible evidence, and is sought solely for the improper purpose of conducting ***post judgment discovery*** and/or obtaining information which is highly personal and/or confidential as a form of harassment of defendants. This request is improper and premature at this juncture, as no final judgment exists against any Defendant.

Doc. Ent. 18-5 (emphasis added).

Defendants contend that the requests for production of documents "seek post-judgment discovery prior to entry of final judgment in this cause of action." Doc. Ent. 21 at 5-6.[4] During the hearing, defense counsel acknowledged that there was no objection to Request No. 32, which seeks "any and all documents concerning all judgments and arbitration awards entered against YOU within the past six (6) years." Doc. Ent. 18-5.

Even though the information sought by these requests might be similar to information sought during post judgment discovery, plaintiff is trying to prove defendants' liability regarding the consent judgment. Therefore, to the extent defendants' objections to these requests are based

---

[3]The Court notes that Request No. 4 sought agreements between Ford Motor Company and Azentek; however, the answer states that "Defendant Stargate has no contracts or agreements with Ford Motor Company." Doc. Ent. 18-5 at 2 ¶ 4.

[4]Defendants also characterized Request Nos. 4, 11-15 and 19 as attempts at post judgment discovery. However, given my reliance upon plaintiff's assertion that it is trying to prove defendants' liability regarding the consent judgment, as well as the fact that the propriety of these questions has otherwise been assessed in this order, I will not comment further on their propriety.

8

on prematurity, they are overruled.

However, to the extent defendants' objections to these requests are based upon their breadth, burdensomeness or relevance, plaintiff is requested to rephrase these requests for production of documents to be more limited in time and to take into account defendants' objections regarding the breadth of the requests. For example, with the exception of Request Nos. 24, 28, 34 and 37-40, Request Nos. 20-41 are limited to the past (6) years. The contract between plaintiff and Stargate was executed in late January 2006. *Symyx Technologies, Inc. v. Stargate Mobile, L.L.C.*, Case No. 06-CV-12632-JCO-PJK (Doc. Ent. 1 at 7-22). The complaint in the underlying case was filed on June 14, 2006, and the instant complaint alleges that Azentek was formed one month later - on or about July 13, 2006. Doc. Ent. 1 at 4 ¶ 23. Perhaps Request Nos. 20-41 could be limited to the period from the execution of the underlying agreement forward.[5]

Finally, to the extent defendants' objections to these requests are based upon concerns that responsive documents will contain highly personal and/or confidential information, such information may be placed under the protective order to be entered in conjunction with this motion.

**3.  Plaintiff's request for an award of its costs and attorney fees related to the instant motion is held in abeyance.**

Plaintiff contends that "this motion should have been completely unnecessary, and defendants are solely responsible for the need to file it." Therefore, it argues that it should be awarded costs and attorney fees associated with presenting the instant motion. Doc. Ent. 18 at 9.

---

[5] If plaintiff needs assistance in this regard, it has leave to request that the Court revisit this issue either by way of a formal hearing or a conference call.

Defendants "do not agree that an award of costs and attorney fees is appropriate," and ask that the request for costs and fees be denied or reserved. Doc. Ent. 21 at 2.

During the hearing, defense counsel assumed responsibility for the fact that promised documents were not produced. She also pointed out that defendants complied with plaintiff's requests to the extent defendant responded that the requested documents do not exist (see responses to Request Nos. 2-7 and 16). Furthermore, she claimed that defendants had a good faith basis for objecting and that her clients were not engaging in obstructionist tactics. She suggested that costs were not proper at this time and that plaintiff's request for costs and fees should be held in abeyance and considered later if defendants did not comply with the schedule agreed upon.

Upon consideration, plaintiff's request for costs and attorney fees associated with presenting the instant motion is held in abeyance. If the discovery being sought is not provided within the time period set in my October 9, 2007 order, then plaintiff may provide the Court with a written status report and I will consider whether to award costs and attorney fees pursuant to Fed. R. Civ. P. 37.

**E.      Order**

In accordance with the foregoing, plaintiff's motion to compel discovery, to modify scheduling order, and for costs and attorney fees is GRANTED IN PART, DENIED IN PART and HELD IN ABEYANCE IN PART. Specifically, plaintiff's motion to compel discovery is GRANTED IN PART and DENIED IN PART. Plaintiff's request for costs and attorney fees is HELD IN ABEYANCE. Plaintiff's request for an extension of the scheduling order dates has already been granted by my October 9, 2007 revised scheduling order.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| | s/Paul J. Komives |
| | PAUL J. KOMIVES |
| Dated: 10/11/07 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on October 11, 2007.
>
> s/Eddrey Butts
> Case Manager